UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NATHAN LYNN VIRTUE,

    Plaintiff,

v.                           Case No.:  2:25-cv-63-SPC-NPM

YES CARE LLC *et al.*,

    Defendants.
_____/

## OPINION AND ORDER

    Before the Court is Plaintiff Nathan Lynne Virtue's Complaint (Doc. 1). Virtue is a pretrial detainee in the Charlotte County Jail, and he sues officials and entities involved in operation of the jail under 42 U.S.C. § 1983. United States Magistrate Judge Nicholas Mizell granted Virtue leave to proceed *in forma pauperis*, so the Court must review the Complaint *sua sponte* to determine whether it is frivolous or malicious, fails to state a claim, or seeks monetary damages against a party who is immune from such relief. *See* 28 U.S.C. 1915(e)(2).

    To state a § 1983 claim, a plaintiff must allege that (1) the defendant deprived him of a right secured under the Constitution or federal law, and (2) the deprivation occurred under color of state law. *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (citing *Arrington v. Cobb Cnty.*, 139 F.3d 865,

872 (11th Cir. 1998)). In addition, a plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1059 (11th Cir. 2001).

Virtue has been diagnosed with borderline personality disorder, anxiety, depression, PTSD, and ADHD. Virtue had his medications on him when he was arrested on August 22, 2024. He told an intake nurse named Sherry—a Jane Doe defendant in this case—who informed Virtue the medications would not be returned to him. On August 26, 2024, Virtue started submitting about three to five sick call requests a week about panic attacks, anxiety, depression, and his lack of medication. He always received the same response—"You are on the list to see the Dr." (Doc. 1 at 6). While in general population, Virtue attempted to hang himself and was moved to the psych unit for five days, but he still was not provided medication to treat his mental health issues.

On September 18, 2024, Virtue saw Dr. Andrew Safron and reported he was sent to the emergency room ten days earlier for hypertension caused by a panic attack. Safron told Virtue he did not need medication and recommended he say the serenity prayer. Virtue was sent back to the general population without medication. Virtue continued to write sick call requests. He received a response from nurse Sabrina—another Jane Doe defendant—and she came to the pod to meet with Virtue. Sabrina said she could clearly see Virtue was

2

having mental health issues, and she said she would talk to the doctor. Virtue was prescribed Vistaril, but it was ineffective. He continued to file sick call requests.

Virtue met with nurse Sabrina again on October 28, 2024. She said she could see the medication did not help and had Virtue transferred to the medical unit until he could see Dr. Safron. On November 6, 2024, Safron agreed Virtue needed medication and prescribed one of the medications Virtue was on before his arrest—Remeron—but in a lower dose. It was ineffective. Virtue continues to submit sick call requests, and he is always told that he is on the list.

Since being incarcerated, Virtue has developed a stutter and tics, and he has started hearing voices. Virtue blames Yes Care—which presumably provides medical care to inmates under contract with the county—for not employing adequate staff. He claims some inmates have been on the list to receive treatment for more than six months. Virtue also claims the jail does not take mental health seriously.

In *Estelle v. Gamble*, the Supreme Court established that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' proscribed by the Eighth Amendment." 429 U.S. 97, 104 (1976). But not every claim of inadequate medical treatment gives rise to an Eighth Amendment violation. *Id.* at 105. Negligence in diagnosis or

treatment—even if it constitutes medical malpractice—does not necessarily violate the constitution. *Id.* at 106.

Pretrial detainees, like prisoners, have a right to medical treatment, and deliberate indifference to a detainee's serious medical needs is a constitutional violation. *Christmas v. Nabors*, 76 F.4th 1320, 1335 (11th Cir. 2023). Their right to medical treatment arises under the Fourteenth Amendment rather than the Eighth Amendment, but the legal standard is the same. *Id.* at 1331. To state a claim for deliberate indifference, a detainee must allege (1) he had a medical need, (2) the defendants exhibited deliberate indifference to that need, and (3) the defendants' deliberate indifference caused the detainee's injury. *Id.* at 1335.

For purposes of a deliberate indifference claim, mental health needs are no less serious than physical needs. *Thomas v. Bryant*, 614 F.3d 1288, 1312 (11th Cir. 2010). Virtue has plausibly alleged that he has serious mental health needs.

Deliberate indifference is akin to subjective recklessness as used in criminal law. To establish deliberate indifference, a plaintiff "must show that the defendant was actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff." *Wade v. McDade*, 106 F.4th 1251, 1262 (11th Cir. 2024). A difference in medical opinion does not constitute deliberate indifference. *Hernandez v. Sec'y Fla. Dep't of Corr.*, 611 F. App'x

4

582, 584 (11th Cir. 2015). Nor does the exercise of medical judgment by a care provider. *Id.* Medical treatment violates the constitution "only when it is so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Id.*

Virtue has not stated a claim against the defendants identified as Jane Doe (Sherry) or Jane Doe (Sabrina). The only allegation against Sherry is that she told Virtue during his intake exam that he would not be given the medications he was arrested with. That is not enough to state a claim for deliberate indifference. As for Sabrina, Virtue alleges she evaluated him twice, saw a need for treatment both times, and ensured he received it. The fact that Virtue disagrees with the treatment he ultimately received does not give rise to a deliberate indifference claim.

Virtue also fails to state a claim against Charlotte County Jail or Charlotte Behavioral Health. His only allegation against the jail is that it does not consider mental health issues to be disabilities and does not adequately screen for them. Those allegations are far too vague to state a plausible claim. Virtue's complaint does not explain what Charlotte Behavioral Health is, nor does it make any allegations against it.

The Court will dismiss Virtue's claims against the Jane Doe defendants, Charlotte County Jail, and Charlotte County Behavioral Health. This action may proceed against Yes Care and Safron.

Accordingly, it is

**ORDERED:**

Plaintiff Nathan Lynne Virtue's claims against the Jane Doe defendants (Sherry and Sabrina), Charlotte County Jail, and Charlotte Behavioral Health are **DISMISSED without prejudice**. The Clerk is **DIRECTED** to terminate them as parties to this case. The only remaining defendants are Yes Care LLC and Andrew Safron.

**DONE** and **ORDERED** in Fort Myers, Florida on February 14, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record

6